512 A.2d 799

Sylvester Carthon, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

148

Submitted on briefs April 9, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, July 23, 1986:
Sylvester Carthon (petitioner) appeals the order of the Pennsylvania Board of Probation and Parole (Board),

dated November 7, 1984, which imposed a twenty-two month recommitment as a technical parole violator. We reverse.

This case has a somewhat complicated procedural history. On March 11, 1983, petitioner was arrested while on probation and a detainer was lodged against him. Petitioner was charged with violating conditions 2[1] and 3A[2] of his parole.

On July 15, 1983, after a hearing at which petitioner was represented by counsel, petitioner was recommitted as a technical parole violator for twenty-two months, which represented the entire remaining balance of his unexpired term. Administrative relief was denied by the Board on November 22, 1983.

On appeal to this Court, we held that the evidence relied upon to support a finding of a violation of condition 2 was inadmissible hearsay and that without that evidence (a certified letter sent to petitioner's approved address which went unclaimed), there could be no finding of a violation of that condition of parole. By order dated September 11, 1984, we directed the Board to recalculate petitioner's recommitment based solely on his failure to maintain contact with parole supervision staff. Two months later, on November 7, 1984, the Board responded to this Court's order. The violation of condition 2 was removed from the Board's order.

---

[1] 37 Pa. Code §63.4(2). This condition of parole requires that parolees "live at the address approved by the Board and do not change residence without the written permission of the parole supervision staff."

[2] 37 Pa. Code §63.4(3)(i). This condition of parole requires that parolees maintain regular contact with the parole supervision staff by "reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff." Here, petitioner was instructed that he or his wife must report either personally or by telephone once a month to the parole supervision staff.

Nonetheless, as evidence relied on, the Board cited the very same piece of evidence (the certified letter) which they had specifically been told was inadmissible hearsay and must not be considered. Furthermore, even though they supposedly were no longer relying on a violation of condition 2, they did not recompute petitioner's sentence but merely reimposed the original twenty-two month recommitment. The presumptive range for a violation of condition 3A is only three to six months. As a justification for deviating from the presumptive range, the Board's order cited as an aggravating factor "pattern of parole failure."

After a Petition for Review and Motion for Supersedeas Relief in the Nature of a Peremptory Mandamus was denied, this appeal followed.

On appeal, petitioner argues that the Board improperly disregarded this Court's order of September 11, 1984, and additionally did not provide sufficient written justification for deviating from the presumptive range for violation of condition 3A. We agree.

In reviewing a parole recommitment of the Board, we are limited to determining whether the Board's order is supported by substantial evidence, is in accordance with the law, and whether any constitutional rights of the parolee have been violated. *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985).

As of this date, petitioner has been released from the State Correctional Institute at Camp Hill after serving the full amount of time that had been imposed on him by the Board. Although this makes this appeal undeniably moot, this court will nevertheless decide the case because it involves a substantial question which is capable of repetition unless settled. *Colonial Gardens Nursing Home, Inc. v. Bachman*, 473 Pa. 56, 373 A.2d 748 (1977); *Peters Township School District v. Peters*

*Township Federation of Teachers, AFT Local 3431,* 93 Pa. Commonwealth Ct. 227, 501 A.2d 327 (1985).

Our order made it quite clear that the Board was to recompute petitioner's recommitment without relying on the unclaimed piece of certified mail. The Board's mentioning this piece of evidence in its order combined with their simply reimposing the original recommitment time makes it quite clear that they flagrantly disregarded this Court's order.

Additionally, we find that they provided insufficient written justification for deviating so greatly from the presumptive range for violation of condition 3A. 37 Pa. Code §75.3(c) provides that the Board may deviate from the presumptive range, which in this case was three to six months, provided that written justification is given by stating the mitigating or aggravating factors. All that was cited by the Board in this case was "Aggravating: pattern of parole failure." Without more, this cannot constitute sufficient written justification. While all of the reported cases affirm the Board's deviation from the presumptive range, these cases were decided based on the facts and they generally involved situations where it was clear from the record that the petitioner was guilty not only of technical parole violations but had been convicted of a substantive offense as well. *See Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984); *Fahlfeder v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 86, 470 A.2d 1130 (1984); *Lewis v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 335, 459 A.2d 1339 (1983).

In this case, in addition to the Board's orders being vague, there is no indication anywhere in the record before this Court of what evidence the Board was relying on in concluding that there was a pattern of parole

failure. Thus, we can only conclude that the Board did not provide sufficient written justification for deviating from the presumptive range.

For the aforementioned reasons, the order of the Pennsylvania Board of Probation and Parole is reversed.

### ORDER

AND NOW, this 23rd day of July, 1986, the order of the Pennsylvania Board of Probation and Parole, Parole No. 0490J, dated November 7, 1984, is hereby reversed.