516 A.2d 808

Larry Garris, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 12, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 22, 1986:

Larry Garris appeals from a modified order of the Pennsylvania Board of Probation and Parole dated January 30, 1986, which recommitted him for a recommitment (backtime) period of four years as a convicted parole violator.

The Lancaster County Court of Common Pleas convicted the petitioner, who was on parole, of robbery and burglary. Consequently, the board issued an order, dated October 25, 1985, recommitting the petitioner to prison for the remainder of his unexpired term—four years—as a convicted and a technical parole violator. The order did not delineate how much of the petitioner's backtime was attributable to the convictions or to the technical violations, which consisted of possession of weapons[1] and assaultive behavior.[2]

The petitioner's attorney, on December 17, 1985, requested that the board modify its recommitment order to conform with the Supreme Court's ruling in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985)[3]. Consequently, the board issued a modified order which deleted all references to the technical parole violations in the original order, because the board apparently regarded the technical violations as involving the same elements of crime as those upon which the convictions were based.[4] However, the board did not recalculate the petitioner's backtime.

The petitioner contends that the board's failure to recalculate his backtime is an abuse of discretion. The

---

[1] 37 Pa. Code §65.5(5)(ii).

[2] 37 Pa. Code §65.5(5)(iii).

[3] The Supreme Court in *Rivenbark* held that, under the terms of the Board of Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a(b), a parolee could not be recommitted to separate terms of backtime as both a convicted parole violator and a technical parole violator, where the technical parole violation was based on the same act which constituted a new crime for which the parolee was convicted.

[4] The question of whether the board properly deleted the technical violations under *Rivenbark* is not at issue in this case. The only issue raised is whether the board must recalculate the backtime after deleting the technical violations.

board argues that the backtime periods imposed for the technical violations and the convictions were to run concurrently and, therefore, the backtime total in the original order did not have to be recalculated when the technical parole violations were stricken from the order.

The issue thus presented is whether it is an abuse of discretion[5] for the board not to recalculate backtime for the parolee after the board has modified a recommitment order by striking out technical parole violations as mandated by the *Rivenbark* decision.

We note that the presumptive backtime range for convicted parole violators for robbery is 24-to-40 months.[6] The presumptive backtime range for burglary is 15-to-24 months.[7] We have held that the board has discretion to recommit for each separate criminal conviction. *Perry v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 548, 485 A.2d 1231 (1984). Therefore, the maximum cumulated presumptive range for the petitioner's convictions is 64 months; the minimum cumulated presumptive range is 39 months. The board set the petitioner's backtime at 48 months.

Thus, the period of recommitment is well within the board's discretion for the convicted violations alone. These facts do not manifest an abuse of discretion and, consequently, do not provide an avenue for this court to review the board's failure to recalculate the petitioner's backtime.

---

[5] This court has held that it will not interfere with an exercise of discretion of the Board of Probation and Parole, absent a violation of constitutional rights, complete failure to act to exercise discretion, or arbitrary and capricious abuse of discretion. *Bradshaw v. Pennsylvania Board of Probation and Parole*, 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983).

[6] 37 Pa. Code §75.2.

[7] *Id.*

The petitioner contends that *Carthon v. Pennsylvania Board of Probation and Parole,* 99 Pa. Commonwealth Ct. 147, 512 A.2d 799 (1986), controls the analysis of this issue and requires that we vacate the board's order. However, in *Carthon,* we ordered the board specifically to recalculate a technical parole violator's backtime because the board had relied on inadmissible hearsay in determining some of the technical parole violations. The board, in that case, modified the recommitment order but failed to recalculate the backtime as directed by this court. *Carthon* has little relation to the current case because the petitioner's convicted parole violations provide an ample basis for sustaining the backtime. Carthon's backtime could not have been sustained without the additional technical parole violation founded upon hearsay.

Finally, the petitioner contends that the board erred in resting its ruling on inadmissible hearsay when it found the petitioner to be a convicted and technical parole violator. Specifically, the board relied upon admissions made by the petitioner to the police that he had committed an assault. Considering that the petitioner's convictions were also proved by trial court docket entries, any evidentiary error concerning the petitioner's conviction of parole violation is harmless error. Any evidentiary error concerning the petitioner's technical parole violation is moot because of the board's modification of the order to comply with the *Rivenbark* ruling.

Because the board's modified order does not manifest any abuse of discretion, we cannot dissect the board's calculations of backtime. We, therefore, affirm.

## ORDER

Now, October 22, 1986, the order of the Pennsylvania Board of Probation and Parole, Parole No. 8541M, dated January 30, 1986, is affirmed.