Stanley Richard MOROZ, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 17, 1995.
Decided May 30, 1995.

Suzanne M. Swan, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Stanley Richard Moroz (Moroz) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his administrative appeal from the order re-

committing him as a technical parole violator to serve 24–month backtime.

On September 21, 1960, Moroz was sentenced to serve a life term following his conviction of first degree murder. In 1973, the Governor commuted Moroz' sentence to a minimum of 15–year prison term. Subsequently, Moroz was paroled in 1977. In 1980, 1983 and 1987, Moroz was recommitted to serve backtime as follows: in 1980, as a technical parole violator to serve 3 months; in 1983, as a convicted parole violator to serve 12 months for his conviction of driving under the influence; and in 1987, as a technical parole violator to serve 12 months for violating the special condition prohibiting consumption of intoxicating beverages and an additional 30 months for assaultive behavior. The special conditions imposed by the Board at the time of his last reparole on July 8, 1990, included a condition that he must not consume alcohol nor enter establishments selling or dispensing alcohol and must attend a minimum of two AA meetings a week.

On September 28, 1993, Moroz was arrested and charged with simple assault and domestic violence. Following his arrest, the Board charged Moroz with a violation of the special condition that he must not consume alcohol. After a hearing held on October 8, 1993, at which Moroz admitted that he consumed a can of beer on September 28, 1993, the Board recommitted him as a technical parole violator to serve, when available, 24–month backtime.[1] After the Board set his reparole date to September 28, 1995, Moroz filed a pro se administrative appeal seeking reconsideration of the Board's action, which was denied by the Board. Moroz' appeal to this Court followed.[2]

■ Our scope of review of the Board's recommitment order is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed or whether the parolee's constitutional rights have been violated. *Wolfe v. Pennsylvania Board of Probation & Parole,* 94 Pa.Commonwealth

Ct. 200, 503 A.2d 483 (1986). The revocation of parole is purely a function of administrative discretion. *Bandy v. Pennsylvania Board of Probation & Parole,* 108 Pa.Commonwealth Ct. 387, 530 A.2d 507 (1987), *appeal denied,* 518 Pa. 614, 540 A.2d 535 (1988). Consequently, this Court will interfere with the Board's exercise of its administrative discretion only where it has been abused or exercised in an arbitrary or capricious manner. *Bradshaw v. Pennsylvania Board of Probation & Parole,* 75 Pa.Commonwealth Ct. 90, 461 A.2d 342 (1983).

■ Moroz first contends that the Board failed to provide sufficient aggravating reasons to justify the imposition of backtime exceeding the presumptive range. Under 37 Pa.Code § 75.4, the applicable presumptive range for violating a special condition imposed by the Board or the parolee agent is 3 to 18 months. *Johnson v. Pennsylvania Board of Probation & Parole,* 107 Pa.Commonwealth Ct. 183, 527 A.2d 1107 (1987). Where the Board imposes backtime in excess of the maximum presumptive range, the Board is required to provide written justification for the increased backtime listing aggravating reasons. 37 Pa.Code § 75.3(c); *Krantz v. Pennsylvania Board of Probation & Parole,* 86 Pa.Commonwealth Ct. 38, 483 A.2d 1044 (1984). In addition, the aggravating reasons found by the Board must be supported by substantial evidence in the record. *Harper v. Pennsylvania Board of Probation & Parole,* 103 Pa.Commonwealth Ct. 251, 520 A.2d 518, *appeal denied,* 515 Pa. 625, 531 A.2d 432 (1987).

■ In the matter *sub judice,* the Board set forth the following as aggravating reasons for deviating from the presumptive range: "Fourth time as a violator while on parole for murder 1." Moroz does not dispute, and the record supports, his history of parole violations cited by the Board as aggravating reasons. It is well established that where, as here, the parolee has a history or pattern of parole failure, the Board may exceed the maximum presumptive range.

---

**1.** The criminal charges against Moroz were subsequently dismissed.

**2.** This Court appointed the Public Defender of Allegheny County to represent Moroz in this appeal.

*Caldwell v. Pennsylvania Board of Probation & Parole,* 98 Pa.Commonwealth Ct. 157, 511 A.2d 884 (1986). Hence, the aggravating reasons set forth by the Board and supported by the record constitute sufficient justification for exceeding the maximum presumptive range. *See also Bradley v. Pennsylvania Board of Probation & Parole,* 138 Pa.Commonwealth Ct. 108, 587 A.2d 839 (1991) (two prior parole failures while on parole for third degree murder justified the recommitment period twice the maximum presumptive range).[3]

 Moroz next contends that the 24–month backtime imposed by the Board is harsh and excessive in light of mitigating circumstances including his gainful employment and compliance with other special conditions. Moroz also points out that the Board imposed only 12 months for his prior violation of the special condition relating to alcohol consumption and that the 1993 violation involved the consumption of only one can of beer.

However, the Board has broad discretion to demand strict compliance with the terms of its conditions and to determine appropriate penalty for any noncompliance, regardless of the reasons for the noncompliance or any mitigating circumstances. *Marsh v. Pennsylvania Board of Probation & Parole,* 86 Pa.Commonwealth Ct. 482, 485 A.2d 853 (1984). The record establishes that Moroz was previously convicted of driving under the influence and subsequently violated twice the special condition that he must not consume alcoholic beverages. Considering that Moroz' repeated parole failure has been mostly related to the consumption of alcohol, we do not find that the Board abused its discretion in exceeding the maximum presumptive range by 6 months.

Accordingly, the order of the Board is affirmed.

**3.** Moroz cites *Carthon v. Pennsylvania Board of Probation & Parole,* 99 Pa.Commonwealth Ct. 147, 512 A.2d 799 (1986), for the proposition that a pattern of parole failure does not constitute sufficient justification for deviating from the presumptive range. *Carthon,* however, does not stand for that proposition. In *Carthon,* this Court reversed the Board's imposition of the

*ORDER*

AND NOW, this 30th day of May, 1995, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

backtime exceeding the maximum presumptive range because there was "no indication anywhere in the record ... of what evidence the Board was relying on in concluding that there was a pattern of parole failure." *Id.* at 151–52, 512 A.2d at 801. Unlike in *Carthon,* however, Moroz' history of parole violations is undisputed and supported by the record.