**Christopher KELLY, Petitioner,**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 17, 1995.

Decided Dec. 22, 1995.

Kent D. Watkins, for petitioner.

Mary C. Bodo, Chief Counsel, for respondent.

Before COLINS, President Judge, and McGINLEY, J., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Christopher Kelly appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief.

Kelly was sentenced to a term of one to five years as a result of his conviction for aggravated assault. He was paroled on September 24, 1993 after serving approximately twenty months of his sentence. By revocation decision mailed on March 23, 1995, the Board recommitted Kelly to serve twenty-four months as a technical parole violator for violating four general conditions of his parole and three special conditions. Kelly filed a request for administrative relief which was denied by the Board on June 7, 1995. Kelly now appeals to this Court.[1]

On appeal, Kelly argues that the presumptive range for multiple technical parole violations is six to eighteen months and that the Board exceeded the presumptive range for recommitment without providing sufficient justification. The Board contends that the backtime imposed is within the presumptive range for violation of four general parole conditions and three special parole conditions.

The Board found that Kelly had violated the following general conditions of his parole: # 2, changing residence without permission; # 3A, failure to report as instructed; # 3B, failure to report arrest within 72 hours; and

---

1. In reviewing a parole recommitment of the board, we are limited to determining whether the Board's order is supported by substantial evidence, is in accordance with the law, and whether any constitutional right of the parolee have been violated. *Carthon v. Pennsylvania Board of Probation and Parole*, 99 Pa.Cmwlth. 147, 512 A.2d 799 (1986).

# 5A, use of drugs. The presumptive range for a violation of Condition # 2 is six to nine months; for Condition # 3A, three to six months; for Condition # 3B, three to six months; and for Condition # 5A, five to twelve months. 37 Pa.Code § 75.4.

In addition to the general conditions of parole, the Board also found that Kelly had violated three special conditions: # 7A, curfew violation; # 7B, failure to submit to urinalysis testing; and # 7C, failure to obtain a valid driver's license. The presumptive range for a violation of a special condition is three to eighteen months. 37 Pa.Code § 75.4.

The regulation pertaining to the application of presumptive ranges to technical parole violators is found in 37 Pa.Code § 75.3. That Section provides:

(a) Presumptive ranges of parole backtime to be served shall be utilized if a parolee violates a general or special condition of parole, and the Board orders recommitment as a technical violator after the appropriate violations hearing.

(b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.

(c) The Board may deviate from the presumptive range or determine that recommitment should not occur provided sufficient written justification is given.

(d) The presumptive ranges are intended to directly relate to the severity of the technical violation, both singly and in combination.

(e) When multiple violations occur, the presumptive range will be used which has the highest backtime range of those conditions violated.

(f) Backtime for a violation of a special condition shall be aggregated with other backtime, unless the revocation decision states otherwise.

Although not explicitly stated in his brief, Kelly appears to rely on 37 Pa.Code § 75.3(e). Under Kelly's interpretation, the amount of backtime the Board could impose for his multiple parole violations would be three to eighteen months. This period represents the amount of backtime assessable for his violation of the special condition of his parole, the violation which has the highest backtime range of all the violations.

At first blush, Kelly's interpretation appears to be a reasonable one. By its terms, 37 Pa.Code § 75.3(e) makes no distinction between backtime imposed for violations of general conditions and backtime imposed for violations of special conditions of parole. However, 37 Pa.Code § 75.3(f) provides that backtime for a violation of a special condition shall be *aggregated with other backtime.*

In order to resolve this apparent inconsistency in the Board regulation, we turn to the rules of statutory construction found in the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. §§ 1501–1991.[2] Section 1933 of the Act, 1 Pa.C.S. § 1933, pertinently provides:

Whenever a general provision in a statute shall be in conflict with a special provision in the same statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision.

In order to give effect to 37 Pa.Code § 75.3(f), we must interpret 37 Pa.Code 75.3(e) to refer only to multiple violations of general parole conditions. Interpreting 37 Pa.Code 75.3(e) as including special conditions would render 37 Pa.Code 75.3(f) a nullity. The presumptive range for a violation of a special condition is three to eighteen months. No other violation has a higher backtime range.[3] If a parolee violates a general condition in addition to a special condition, under a strict reading of 37 Pa. Code § 75.3(e), the amount of backtime assessed would be in the range of three to

**2.** Section 1502(a)(1) of the Statutory Construction Act, 1 Pa.C.S. § 1502(a)(1), provides that the terms of the Act apply to the Pennsylvania Code.

**3.** Violation of Condition # 5B has a presumptive range of six to eighteen months.

eighteen months. The interpretation would conflict with the requirement in 37 Pa.Code § 75.3(f) that backtime for a violation of a special condition be aggregated with other backtime.

We now apply our interpretation of 37 Pa.Code § 75.3 to the facts of the case. The general condition which Kelly was found to have violated, having the highest backtime range is Condition # 5A, with a presumptive range of five to twelve months. Aggregating that backtime with the backtime for violation of three special conditions, the presumptive range becomes fourteen to sixty-six months.[4] The amount of backtime imposed by the Board was twenty-four months, a period of time within the presumptive range.

■ The Board requests this Court to award counsel fees pursuant to Pa.R.A.P. 2744 because Kelly has filed a frivolous appeal. Because this Court has not previously had occasion to consider the proper interpretation of 37 Pa.Code § 75.3 and because the plain language of 37 Pa.Code § 75.3(e), without reference to 37 Pa.Code § 75.3(f), supported Kelly's argument, we cannot conclude that his appeal was frivolous. We, therefore, decline to award counsel fees.

The order of the Board is affirmed.

### ORDER

AND NOW, this 22nd day of December, 1995, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

4. The Board contends that the presumptive range for Kelly's violations of four general and three special parole conditions is fifteen to seventy-two months. The Board arrived at this figure by using the presumptive range of six to eighteen months for multiple violations of a technical condition and adding nine to fifty-four months for three violations of special conditions. Whichever calculation is used, the amount of backtime imposed by the Board is within the presumptive range.