David CRANSHAW, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 1997.

Decided July 21, 1997.

Kent D. Watkins, Saint Clair, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

David Cranshaw appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying Cranshaw's request for administrative relief after the Board imposed backtime in excess of the maximum presumptive range because Cranshaw is a repeat sex offender.

Cranshaw was serving a five-year to twenty-year sentence for involuntary deviate sexual intercourse and ten years probation for sexually abusing children when, on October 8, 1992, the Board authorized Cranshaw's release on parole. (C.R. at 1, 4.)

While on parole, Cranshaw sought permission to move to his home state of Florida. After making the request, Cranshaw grew tired of waiting and simply left Pennsylvania to live in Florida. (C.R. at 26–27.) As a result, the Board declared Cranshaw delinquent as of March 14, 1994. (C.R. at 7.) On August 30, 1995, the Board's Director of Interstate Services issued an arrest warrant for Cranshaw based on his parole violation. (C.R. at 8.) Cranshaw was subsequently ar-

rested and returned to Pennsylvania as a technical parole violator. (C.R. at 9, 32.)

On September 26, 1995, Cranshaw was arrested in Pennsylvania on three counts of indecent assault and one count of corruption of minors. On November 13, 1995, Cranshaw pled guilty to corruption of minors, a first degree misdemeanor, and was sentenced to two and a half to five years, with 50 days credit. The remaining charges were dismissed. (C.R. at 11.)

The Board held a panel revocation hearing on February 9, 1996. Upon consideration of the evidence presented, the Board recommitted Cranshaw as a convicted parole violator to serve 60 months backtime. Although the presumptive range of parole backtime following conviction for corruption of minors is only 18 to 24 months,[1] the Board indicated that the 60 months backtime was justified here because Cranshaw is a repeat sex offender.[2] Cranshaw requested administrative relief, which the Board denied.

 On appeal to this court,[3] Cranshaw argues that the record lacks substantial evidence to support the deviation from the presumptive range of parole backtime following conviction for corruption of minors.[4] In particular, Cranshaw contends that there is no evidence here that his conviction for corruption of minors was a sex-related offense or that he is a repeat sex offender. We agree.

The Board's written justification for exceeding the presumptive range in this case was "repeat sex offender." However, Cran-

shaw's conviction was for corruption of minors, which is not *necessarily* a sex offense. The district attorney charged Cranshaw as follows:

THE DEFENDANT DID, on or about JUNE 1, 1993 THROUGH JANUARY 29, 1994, in the County aforesaid, being of age eighteen years or upward, did by his/her actions corrupt or tend to corrupt the morals of a minor, being less than eighteen years of age, or did aid, abet, entice or encourage said minor in the commission of a crime, in violation of 18 Pa.C.S.A. § 6301(a).[5] Grading: M1.

(C.R. at 36.) Unfortunately, this description of the charge provides no details about the underlying facts which precipitated the charge. Although it is evident from Cranshaw's testimony that he has struggled with a sexual problem for much of his life, the Board never asked Cranshaw whether his conviction for corruption of minors was related to his sexual tendencies.

Because the record does not support the Board's finding that Cranshaw's conviction for corruption of minors is another sex offense, we reverse and remand this case for an appropriate recommitment consistent with the facts asserted by the Commonwealth which gave rise to Cranshaw's guilty plea at criminal indictment number CP3270 for the year 1995 on the charge of corruption of a minor, a first degree misdemeanor.

### ORDER

AND NOW, this 21st day of July, 1997, the order of the Pennsylvania Board of Probation

---

1. *See* 37 Pa.Code § 75.2.

2. In the exercise of its discretion, the Board considers individual circumstances in terms of mitigation and aggravation and may deviate from the presumptive range provided written justification is given. 37 Pa.Code § 75.1.

3. Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed or whether the parolee's constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131 (Pa.Cmwlth.1995). The revocation of parole is purely a function of administrative discretion; this court will interfere with the Board's exercise of its administrative discretion only where it has been abused or exercised in an arbitrary or capricious manner. *Id.*

4. Where the Board imposes backtime in excess of the maximum presumptive range, the Board is required to provide written justification for the increased backtime listing aggravating reasons. *Moroz.* These aggravating reasons must be supported by substantial evidence in the record. *Id.*

5. Corruption of minors is defined in 18 Pa.C.S. § 6301(a) as follows:

Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree.

and Parole, dated October 2, 1996, is reversed, and this case is remanded for an appropriate recommitment consistent with the facts asserted by the Commonwealth which gave rise to Cranshaw's guilty plea at criminal indictment number CP3270 for the year 1995 on the charge of corruption of a minor, a first degree misdemeanor.

Jurisdiction relinquished.

LEADBETTER, J., dissents.