**Albert WILLIAMS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 15, 1997.

Decided Oct. 7, 1997.

Michael M. Palmisano, Erie, for petitioner.

Seth A. Mendelsohn, Assistant Counsel, Harrisburg, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

Albert Williams (Williams) petitions for review of an order from the Pennsylvania Board of Probation and Parole (Board) denying Williams' petition for administrative relief. We affirm.

On October 7, 1987, Williams was sentenced to a term of six-to-twenty years for third degree murder and possession of an instrument of a crime. After serving his minimum sentence, the Board paroled

Williams, and he was released from prison on July 29, 1993.

In 1994, Williams violated three general conditions and one special condition of his parole. As a result of these violations, the Board held a violation hearing for Williams on August 15, 1995, wherein Williams admitted to all four violations. Consequently, by order dated March 16, 1996, the Board recommitted Williams to serve twenty-four months backtime.

Williams subsequently filed an administrative appeal claiming that the twenty-four months backtime exceeded the presumptive range for which the Board offered no explanation. The Board denied Williams' request for administrative relief by order dated January 21, 1997. On February 27, 1997, Williams filed a petition for review with this court.[1]

The sole issue presented for our consideration is whether the Board can aggregate the recommitment period for a parolee's violation of a special condition of parole along with multiple violations of general conditions of parole. We answer this question in the affirmative.

Williams relies on 37 Pa.Code § 75.3(e) which requires that "when multiple violations occur, the presumptive range will be used which has the highest backtime range of those conditions violated." Thus, Williams argues that the Board cannot aggregate the presumptive ranges of multiple technical violations of conditions of parole unless the Board explains the nature of the aggravating circumstances that caused it to go outside the presumptive range, which it has not done. We disagree because Williams has erroneously mischaracterized the nature of his violations and has attempted to argue that all technical violations are treated identically.

There are two types of technical violations: a violation of a general condition of parole and a violation of a special condition of parole. Williams admitted to violating the following three general conditions: changing his residence without permission, condition 2;

failing to report as instructed, condition 3a; and testing positive for illegal drugs by way of urine sample, condition 5a. (Certified Record at 23). Paragraph 7 requires Williams to comply with the special conditions listed on the second page. Page two is signed by Williams and provides, as a special condition, that Williams must submit to urinalysis testing, which he also admittedly failed to do. (Certified Record at 23).

Section 75.3(f) provides that "[b]acktime for a violation of a special condition shall be aggregated with other backtime, unless the revocation decision states otherwise." 37 Pa. Code § 75.3(f). Contrary to Williams' argument, this court, in *Kelly*, stated that "we must interpret 37 Pa.Code § 75.3(e) to refer only to multiple violations of general parole conditions." *Kelly*, 669 A.2d at 437. We further stated that "[i]nterpreting 37 Pa. Code § 75.3(e) as including special conditions would render 37 Pa.Code § 75.3(f) a nullity." *Id.* The *Kelly* court held that, under 37 Pa. Code § 75.3(f), the Board should add the backtime for violating multiple special conditions and add that resulting aggregate presumptive range to the general condition violation with the highest presumptive range. *Id.* at 438.

The presumptive ranges for technical violations are found in 37 Pa.Code § 75.4. Williams violated only one special condition. Applying the *Kelly* formula to the instant case, we must add the presumptive range for the special condition, which is three to eighteen months, to the presumptive range for the general condition with the highest presumptive range, which is five to twelve months for condition 5a. This yields a presumptive range of eight to thirty months. We, therefore, hold that the Board's order requiring Williams to serve twenty-four months of backtime was well within the presumptive range for his technical parole violations.

Accordingly, we affirm the order of the Board.

---

1. In reviewing a parole recommitment of the Board, we are limited to determining whether the Board's order is supported by substantial evidence, is in accordance with the law, and whether any constitutional rights of the parolee have been violated. *Kelly v. Pennsylvania Board of Probation and Parole*, 669 A.2d 436, 436 n. 1 (Pa.Cmwlth.1995).

## ORDER

AND NOW, this 7th day of October, 1997, the order of the Pennsylvania Board of Probation and Parole, dated January 21, 1997, denying Williams' request for administrative relief is hereby affirmed.