IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Trevor Raible,                                :
                    Petitioner               :
                                             :
         v.                                  : No. 2648 C.D. 2015
                                             : Submitted: June 10, 2016
Pennsylvania Board of Probation              :
and Parole,                                  :
                    Respondent               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                       FILED: July 6, 2016


         Trevor Raible (Parolee) petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying him credit for the period at which he was at liberty on parole. We affirm.


         On May 22, 2011, Parolee was sentenced to 10 months to 2 years, 6 months for violation of his probation and theft of movable property, with a minimum release date of January 11, 2012, and a maximum release date of September 11, 2013. Parolee was released on parole on May 14, 2012.

While on parole, on December 12, 2012, Parolee was arrested on new criminal charges and that same day, the Board lodged its detainer against him. Failing to make bail, he remained in county prison until August 1, 2013, when he was granted Release on Recognizance (ROR) bail for the new charges. He was then arrested on August 15, 2013, on other charges and granted ROR bail on August 19, 2013. Parolee, however, remained incarcerated on the Board's detainer until September 11, 2013, the maximum release date of his original sentence.

On December 3, 2014, Parolee pleaded guilty to some of the new criminal charges and the remaining charges against him were dismissed. On December 29, 2014, the Board lodged its detainer against him.

The Board issued Parolee a Notice of Charges and Hearing for a revocation hearing stemming from his new criminal convictions, and Parolee waived his right to a revocation hearing and right to counsel. The Board then voted to recommit Parolee as a convicted parole violator and denied him credit for time spent at liberty on parole. The trial court then sentenced Parolee on January 22, 2015, to 12 to 24 months and 6 to 12 months of confinement on his new convictions, to be served concurrently. Parolee was placed in a State Correctional Institution on February 13, 2015.

The Board recommitted Parolee as a convicted parole violator and sentenced him to serve the lesser of 18 months or his unexpired term, when available, and recalculated his maximum release date to April 10, 2016. In arriving at that date, the Board determined that Parolee owed 485 days of backtime

towards his original sentence because he was paroled on May 14, 2012, and his original maximum release date was September 11, 2013. The Board also provided Parolee with 41 days of backtime served credit for the period of August 1, 2013, to September 11, 2013.

Parolee filed a *pro se* Petition for Administrative Review, challenging the credit awarded and, therefore, the calculation of the maximum release date. The Board denied Parolee's petition, reasoning that he had 485 days remaining on his original sentence at the time of parole and that given Parolee's recommitment as a convicted parole violator, the Board was authorized to recalculate his sentence without providing him credit for the time spent pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(2). The Board explained that it gave him 41 days of credit for the period he was incarcerated from August 1, 2013, to September 11, 2013, because he was incarcerated solely on the Board's detainer, but did not grant him credit for any other period of incarceration because he was incarcerated on both the Board detainer and/or new criminal charges. The Board further found that Parolee became available to begin serving backtime on January 22, 2015, when he was sentenced on his new criminal charges. This appeal followed.

On appeal,[1] Parolee argues that the Board erred in not awarding him credit on his original sentence for the time he spent at liberty on parole from December 14, 2012, to September 11, 2013.

---

[1] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether **(Footnote continued on next page…)**

3

Time incarcerated shall be credited to a convicted parole violator's original term only when he remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). When bail is not posted, the time period during which a parolee is incarcerated on both new criminal charges and the Board's detainer must apply to the new sentence. *Id.* Credit will only be applied to a parolee's original sentence when it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

Here, while on parole from his original sentence, Parolee was arrested on December 14, 2012, on new charges and the Board lodged its detainer against him that same day. Parolee remained in county prison until August 1, 2013, when he was granted ROR bail, but remained incarcerated on the Board's detainer until September 11, 2013. Because he was confined solely on the Board's detainer from August 1, 2013, until September 11, 2013, the Board granted Parolee 41 days of credit in calculating his new maximum date. However, Parolee is not entitled to credit from December 14, 2012, through July 31, 2013, as he was confined on both the Board's detainer and his new criminal charges. The credit for this time period shall instead apply to Parolee's new sentence.

---

**(continued…)**

constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

Accordingly, we affirm the Board's decision.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Trevor Raible,                          :
               Petitioner          :
                               :
               v.                      : No. 2648 C.D. 2015
                               :
Pennsylvania Board of Probation         :
and Parole,                             :
               Respondent          :

# **O R D E R**

AND NOW, this 6<u>th</u> day of <u>July</u>, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of December 8, 2015, is affirmed.

_____
DAN PELLEGRINI, Senior Judge