IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Ortiz,                          :
                    Petitioner        :
                                      :
          v.                          : No. 2398 C.D. 2015
                                      : Submitted:  October 7, 2016
Pennsylvania Board of Probation       :
and Parole,                           :
                    Respondent        :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: October 31, 2016


          Ramon Ortiz (Parolee) petitions for review of the decision of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief from the Board's order recommitting him as a convicted
parole violator (CPV) and recalculating his parole violation maximum sentence
date.  Because the Board admits that it erred in recalculating Parolee's maximum
parole date, we vacate and remand.


          Following Parolee's guilty plea to one count of Manufacture, Delivery
or Possession with Intent to Manufacture a Controlled Substance, Section
13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of

April 14, 1972 P.L. 233, *as amended,* 35 P.S. § 780–113(a)(30), he was sentenced to a state correctional institution (SCI) to serve a one-and-one-half to four-year term of imprisonment, with a minimum release date of February 8, 2013, and a maximum release date of August 8, 2015. Parolee was released on parole from the SCI on May 16, 2013. Per special conditions of his parole, Parolee was to report directly to Kintock Erie, CCF (CCC) immediately upon release and remain there until discharged.[1] (Certified Record (C.R.) at 9.)

After Parolee pulled a fire alarm and absconded from the CCC on June 13, 2013, the Board declared him delinquent. On October 19, 2013, Parolee was arrested and placed in the Philadelphia County Prison for charges of Criminal Attempt - Causing Catastrophe, Escape and False Alarm to Agency of Public Safety, 18 Pa. C.S. §§ 901(a), 5121(a), 4905(a). On that same day, the Board lodged its detainer and the trial court set bail. Parolee was unable to post bail on those charges. On November 14, 2013, the Philadelphia County Court modified Parolee's monetary bail to release on his own recognizance (ROR), but he remained imprisoned due to the Board's detainer.

On November 27, 2013, the Board recommitted Parolee as a technical parole violator (TPV) and sentenced him to six months for changing his residence without permission and his unsuccessful discharge from the CCC. The Board

---

[1] The parole conditions that the Parolee signed also state, in pertinent part, that "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 8.)

recalculated his parole violation maximum date to December 14, 2015.[2] On January 24, 2014, the Philadelphia County Court revoked Petitioner's ROR bail and reinstated monetary bail, which Parolee did not post.

Because Parolee pled guilty to one count of False Alarm to an Agency of Public Safety, 18 Pa. C.S. § 4905(a), on December 12, 2014, he was sentenced to serve an 11-and-one-half-month to 23-month term of imprisonment in the Philadelphia County Prison with credit for time served, and he was to be automatically paroled at the minimum sentence date. The Board then held a revocation hearing and recommitted Parolee as a CPV to serve six months to run concurrently with backtime imposed for his TPV, with no credit for his time at liberty on parole. On February 5, 2015, March 12, 2015, and March 17, 2015, the Board issued orders modifying and, ultimately, excluding any mention of Parolee's eligibility for reparole and recalculating his maximum date to December 26, 2016.[3] On September 30, 2015, Parolee was paroled from Philadelphia County Prison for his December 2014 criminal sentence and was sent to an SCI to serve his "state time."

Soon thereafter, Parolee sent a Petition for Administrative Review to the Board objecting to the recalculation of his maximum date. On November 12,

---

[2] In its decision recommitting Parolee as a TPV, the Board also noted that he would be reparoled automatically on April 19, 2014, pending resolution of his outstanding criminal charges, and that his maximum date was subject to change if he were convicted of his outstanding criminal charges.

[3] The Board noted that Parolee's maximum date was subject to change.

2015, the Board recorded a decision modifying his maximum date to November 16, 2017.[4] The next day, because the Board already recalculated the maximum date that Parolee was objecting to, the Board's Administrative Review Designee dismissed Parolee's Petition for Administrative Review as moot. Parolee filed another Petition for Administrative Review and an Administrative Appeal, but the Board did not respond. Parolee then filed this petition for review.[5]

On appeal, the Board admits that it erred in recalculating Parolee's maximum release date as November 16, 2017. However, the parties disagree as to what is the proper maximum release date. Parolee contends that he should receive a backtime credit of 102 days for the period of time spanning from October 14, 2013, to January 24, 2014, and the Board contends that he should only be credited for 71 days because he was only on ROR bail from November 14, 2013, to January 24, 2014, after which his bail conditions changed to monetary, which he did not post.[6]

---

[4] The Board's decision further stated that Parolee was not eligible for reparole until February 23, 2016.

[5] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[6] Section 6138(a)(2) of the Prisons and Parole Code provides:

(a) Convicted violators.—

* * *

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the

**(Footnote continued on next page…)**

4

This discrepancy appears to be the result of Parolee's misreading of the date he was released on ROR bail. The Philadelphia Court of Common Pleas' criminal docket sheet states that his ROR bail was set on November 14, 2013. (C.R. at 55.) Moreover, he could not be released on ROR bail on October 14, 2013, because he was not arrested until October 19, 2013.

Parolee was released on parole on May 15, 2013, with 814 days of backtime remaining on his sentence.[7] After the Philadelphia County Court modified his bail to ROR on November 14, 2013, he should have received 71 days of backtime credit – *i.e.*, credit for time that he was held in custody solely on the basis of the Board's detainer – because the court reinstated monetary bail on January 24, 2014, which Parolee failed to post. Subtracting Parolee's 71 days of

---

**(continued…)**

> parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a)(2). Time incarcerated shall be credited to a convicted parole violator's original term only when he remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). When bail is not posted, the time period during which a parolee is incarcerated on both new criminal charges and the Board's detainer must apply to the new sentence. *Id.* Credit will only be applied to a parolee's original sentence when it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

[7] While Parolee's brief asserts that he was released on parole on May 15, 2013, as opposed to May 16, 2013, both the Order to Release on Parole/Reparole and the Pennsylvania Department of Corrections' Moves Report state that his actual date of release was May 16, 2013. (C.R. at 7, 113.)

backtime credit from the original 814 days of backtime results in 743 days of backtime. Because Parolee became available to begin serving his 743 days of backtime on September 30, 2015, which is when he was paroled from his December 2014 sentence from the Philadelphia County Prison, the Board should have set his maximum date to October 12, 2017. 61 Pa. C.S. § 6138.

Accordingly, we vacate the Board's denial of Parolee's request for administrative relief and this matter is remanded to the Board for proceedings consistent with this opinion.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Ortiz,                              :
                    Petitioner            :
                                          :
            v.                            : No. 2398 C.D. 2015
                                          :
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :


# **O R D E R**


AND NOW, this 31st day of  October, 2016, it is hereby ordered that the order of the Pennsylvania Board of Probation and Parole (Board) at Parole No. 495-GO, bearing a mailing date of November 13, 2015, is vacated and this matter is remanded to the Board for further proceedings consistent with this opinion.


Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge