IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tommy Glover,                          :
                         Petitioner    :
                                       :
        v.                             :   No. 473 C.D. 2017
                                       :   Submitted: December 1, 2017
Pennsylvania Board of Probation and    :
Parole,                                :
                         Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: January 4, 2018


        Tommy Glover (Glover) petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's order recommitting him as a convicted parole violator (CPV) to serve 30 months backtime. We affirm.


        Glover is an inmate at the State Correctional Institution (SCI) at Mercer. Following Glover's plea of guilty to theft of moveable property, fleeing or attempting to elude an officer, violation of probation and possessing an instrument of crime, he was sentenced to serve a 3 year 9 month to a 7 year 6 month term of imprisonment with a minimum release date of January 5, 2012, and a maximum

release date of October 5, 2015. On October 13, 2011, the Board granted Glover parole on his original sentence specifically stating that Glover's maximum release date was October 5, 2015. Glover was released from the SCI to an approved home plan in Pittsburgh on January 5, 2012, and his release orders listed a maximum release date of October 5, 2015.

In November 2013, Glover was arrested for technical parole violations for testing positive for drugs and violating his curfew. Glover waived his right to a parole violation hearing and to counsel and admitted to the violations. The Board continued Glover's parole with an approved home plan.

In August 2014, Glover was arrested by the Pittsburgh Port Authority Transit Police for criminal conspiracy, possession of a controlled substance and driving while operating privilege is suspended or revoked. On September 5, 2014, the Board lodged its detainer against him. Glover was released back onto parole in May 2015 after being found not guilty.

On June 26, 2015, while still on parole, Glover was arrested by the Pittsburgh Police on new drug-related charges and detained in the Allegheny County Jail. On the same day, the Board issued a detainer warrant. When Glover was unable to post the initial bail of $50,000, on July 7, 2015, his bail was modified to non-monetary. Glover remained incarcerated solely on the Board's warrant until he reached his original maximum release date of October 5, 2015, at which time he was released from custody.

On October 16, 2015, Glover pled guilty to four counts of manufacture, delivery or possession with intent to manufacture or deliver a controlled substance and three counts of possession of a controlled substance. That same day, he was sentenced to 18 to 36 months' confinement followed by three years' probation.

The Board re-lodged its detainer, and Glover waived his right to a revocation hearing and to counsel and admitted that he violated his parole by committing these new drug charges on June 26, 2015. The Board recommitted Glover as a convicted parole violator to serve 30 months for his new criminal conviction and recalculated his parole violation maximum date as September 8, 2018.

Glover filed a *pro se* petition for administrative review objecting to the recalculation of his maximum date arguing that he was not given credit for time served at the Community Corrections Center and that the calculations of his minimums and maximums "just don't add up." (Certified Record (C.R.) at 132.) The Board affirmed the recalculation of his maximum date as September 8, 2018, explaining that he was not given credit while at liberty on parole because he was a convicted parole violator, citing to 61 Pa. C.S. § 6138(a)(2).[1] The Board also

---

[1] Section 6138(a) of the Prisons and Parole Code provides, in pertinent part, as follows:

**(a) Convicted violators.**--

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by

**(Footnote continued on next page…)**

3

noted that Glover was given credit for the time he was incarcerated solely on the Board's warrant as well as the time he was incarcerated prior to being found not guilty in May 2015.  Glover then filed this petition for review.[2]

---

**(continued…)**

imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a).

[2] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

The only issue before us is Glover's claim that the Board lacked jurisdiction to detain him and recalculate his maximum date once his original maximum date had expired.

While the Board detained him and recommitted him *after* the expiration of his original maximum date on October 5, 2015,[3] Section 6138(a) of the Prisons and Parole Code specifically enables the Board, in its discretion, to recommit as a parole violator a parolee "released from a correctional facility who, during the period of parole . . . commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty . . . *at any time thereafter* in a court of record." 61 Pa. C.S. § 6138(a)(1). (emphasis added). As our Supreme Court has noted, "[t]here is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence had expired." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979); *see also Holland v. Pennsylvania Board of Probation and Parole*, 640 A.2d 1386 (Pa. Cmwlth. 1994). Here, Glover was arrested on new drug charges on June 26, 2015, prior to the expiration of his original parole violation maximum date of October 5, 2015, giving the Board jurisdiction to recommit him and recalculate his sentence.

---

[3] Glover asserts that his original maximum date was April 5, 2014, rather than October 5, 2015. However, he provides no support for this assertion, does not cite to the certified record, and failed to raise the issue before the Board. Regardless, we note that all of the documentation in the certified record indicates that Glover's original maximum date was October 5, 2015.

5

Accordingly, the determination of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tommy Glover,                          :
                    Petitioner         :
                                       :
          v.                           :   No. 473 C.D. 2017
                                       :
Pennsylvania Board of Probation and    :
Parole,                                :
                    Respondent         :

## **O R D E R**

AND NOW, this 4<u>th</u> day of <u>January</u>, 2018, the determination of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge