Clarence Cosby,                :
         Petitioner     :
                                 :
     v.                 :   No.  1178 C.D. 2021
                                 :
Pennsylvania Parole Board,    :   Submitted:  May 27, 2022
         Respondent  :

### *OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                            FILED: October 26, 2022

Clarence Cosby (Cosby) petitions for review of the order of the Pennsylvania Parole Board (Board) mailed September 10, 2021, which denied his administrative appeal of a Board decision recommitting him as a convicted parole violator (CPV) to serve 24 months of backtime for failure to raise sufficient points to qualify his administrative appeal.  Upon review, we affirm.

### Background and Procedural History

The relevant facts of this appeal are as follows.  On January 29, 2016, Cosby was sentenced to a term of 18 months to 6 years following a guilty plea of possession with intent to deliver, with a maximum sentence date of June 24, 2021. (Certified Record (C.R.) at 1-3.)  On December 24, 2016, Cosby was paroled.  (C.R. at 7.)

On October 6, 2017, Cosby was arrested by the Cambria County Detective Bureau on the following charges: manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance(s); intentional possession of a controlled substance by a person not registered; purchase/receipt of controlled substance by an unauthorized person; and criminal use of a communication facility.  (C.R. at 22-27.)

The Board lodged a detainer against Cosby on October 6, 2017. (C.R. at 13.) Cosby was subsequently charged with possession of a firearm prohibited, use/possession of drug paraphernalia, and prohibited possession of offensive weapons. (C.R. at 60-61.)

On May 8, 2018, Cosby was indicted in the United States District Court for the Western District of Pennsylvania for distribution of crack cocaine and felon in possession of a firearm. (C.R. at 65-66.) Cosby was detained by the federal government and did not post bond. (C.R. at 91; Petitioner's Br. at 13.) On June 19, 2018, all charges filed by the Cambria County Detective Bureau were *nolle prossed*. (C.R. at 58, 63.) Cosby was found guilty of distributing crack cocaine on September 25, 2019. (C.R. at 78-79, 100.)

The Board issued a Notice of Charges and Hearing on February 26, 2020. (C.R. at 70.) That same day, Cosby waived both his right to counsel and a revocation hearing and admitted his new federal conviction. (C.R. at 71-72.) Following the hearing, the Board issued a decision recorded July 24, 2020, recommitting Cosby as a CPV to serve 24 months' backtime, when available pending the sentencing on his federal conviction and return to a state correctional institution. (C.R. at 104-05.)

Cosby thereafter filed an administrative remedies form with the Board, which included only Cosby's name, address, and mailing date of the Board's decision in question. (C.R. at 106-07.) The Board affirmed its July 24, 2020 decision by a decision mailed September 10, 2021, noting its reason for affirming the decision as Cosby's failure to raise sufficient points to qualify as an administrative appeal. (C.R. at 108-09.) On October 6, 2021, Cosby filed an additional administrative remedies form with the Board providing more detail about his challenges to the July 24, 2020 decision.[1] (C.R. at 111-17.)

---

[1] On November 2, 2021, the Board dismissed Cosby's second administrative appeal as a second or subsequent request for relief, which is not permitted under 37 Pa. Code § 73.1. (C.R. at **(Footnote continued on next page…)**

On October 8, 2021, Cosby filed this appeal regarding the Board's decision mailed September 10, 2021.

**Discussion**

On appeal,[2] Cosby raises arguments concerning credit to which he claims to be entitled for time served on the Board's warrant and time spent at liberty on parole. However, as the Board aptly notes in its brief to this Court, Cosby failed to raise these issues in his administrative appeal. (Respondent's Br. at 7-8.)

It is well settled that a party may not assert an issue on appeal unless he has first raised it at the administrative level.[3] 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993) (holding issues not raised before the Board in an administrative appeal are waived for the purposes of appellate review by this Court). Moreover, the Board's regulations require that issues "be present[ed] with accuracy, brevity, clearness and specificity." 37 Pa. Code §§ 73.1(a)(3), (b)(2).

Here, Cosby challenges the Board's denial of credit for time served and time spent at liberty on parole. Cosby's administrative remedies form only included his name, location, and the date of the Board's order in question. At no point on his administrative remedies form did Cosby challenge the Board's denial of credit. Because Cosby did not raise these credit issues at the administrative level, we hold that

---

118.) The Board noted in its decision that Cosby's appeal of the Board's decision mailed September 10, 2021, affirming its July 24, 2020 decision, was pending before this Court. (C.R. at 118-119.) Notably, the Board's decision denying Cosby's second administrative appeal is not subject to this appeal because Cosby filed this appeal before the Board issued a decision on his second administrative appeal. Accordingly, we will not address Cosby's second administrative appeal.

[2] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[3] There are several exceptions to this rule, none of which are applicable to this matter.

he has waived these issues for the purposes of appellate review by this Court.[4] *See Headley v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017), slip op. at 5-6, 2017 WL 1629441, at \*2-\*3 (holding an administrative challenge to a Board decision only preserves for appellate review those issues expressed or implied flowing from the wording used by the parole violator on his administrative remedies form).[5]

## Conclusion

As Cosby has waived the issues he raised in his brief, we are compelled to affirm the Board's decision mailed September 10, 2021 that affirmed its July 24, 2020 decision.

---

[4] Had we reached the merits of this argument, we could not grant Cosby's requested relief. Here, Cosby has challenged the Board's decision, mailed September 10, 2021, which does not address his time credit or maximum sentence date. Instead, the Board's decision, mailed September 10, 2021, concerns his recommitment as a CPV and backtime imposition, which Cosby has not argued was improper or excessive. As the Board indicated in its brief, a separate order, which was recorded on January 3, 2022, recalculated Cosby's maximum sentence date and addressed any time credit. (Respondent's Br. at 7.) This means that Cosby appealed the wrong order to this Court. Therefore, we could not grant Cosby's requested relief.

[5] Pursuant to 210 Pa. Code § 69.414(a), an unreported panel decision of this Court may be cited for its persuasive value.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clarence Cosby, : 
        Petitioner : 
         : 
        v. :   No. 1178 C.D. 2021
         : 
Pennsylvania Parole Board, : 
        Respondent : 

## *PER CURIAM*

## ***ORDER***

AND NOW, this 26th day of October, 2022, the order of the Pennsylvania Parole Board mailed September 10, 2021 is hereby AFFIRMED.