IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Johnson,                          :
                    Petitioner          :
                                        :
        v.                              :    No. 2420 C.D. 2015
                                        :    Submitted: May 13, 2016
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED:  June 21, 2016

        David Johnson petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative review of the Board's decision recommitting him as a convicted parole violator.  Johnson argues that the Board erred in extending his original maximum release date and by not explaining why it decided to not award him credit for his time spent at liberty on parole.  For the reasons that follow, we affirm the order of the Board.

        Johnson is currently incarcerated in the State Correctional Institution at Graterford.  His original conviction for the manufacture, sale, delivery or possession with intent to deliver a controlled substance resulted in a two and one half to five year sentence.  His minimum release date was January 9, 2014, and his maximum release date was September 9, 2015.  Johnson was paroled on January 9,

2014. The conditions of parole, which Johnson signed, stated: "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." Certified Record at 21 (C.R. ___).

On September 12, 2014, Johnson was arrested on new criminal charges. That same day, the Board lodged a detainer against Johnson. By decision mailed November 5, 2014, the Board recommitted Johnson as a technical parole violator for violating curfew. The decision advised Johnson that the Board was continuing to detain him pending disposition of his new criminal charges. On April 13, 2015, Johnson pled guilty to making terroristic threats and the manufacture, sale, delivery, possession, or possession with intent to deliver a controlled substance. The trial court sentenced Johnson to one and one half to three years of incarceration. Johnson was returned to a State Correctional Institution on April 17, 2015.

On May 22, 2015, Johnson waived his right to a revocation hearing and admitted to violating his parole. The Board voted to revoke Johnson's parole and deny him credit for the time he spent at liberty on parole, also known as "street time." On August 24, 2015, the Board recommitted Johnson as a convicted parole violator to serve the unexpired term of one year and eight months from his original sentence, with no credit for his street time. Accordingly, the Board revised Johnson's original maximum sentence date of September 9, 2015, to December 11, 2016.

On September 2, 2015, Johnson, *pro se*, filed an administrative appeal. Johnson argued that the Board's recommitment order improperly extended

2

his maximum sentence date and constituted an abuse of discretion. The Board denied Johnson's appeal on October 23, 2015. In its letter, the Board explained:

> [D]iscretionary decisions on parole issues are not subject to administrative or judicial review. The Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. §6138(a)(2.1). However, nothing in the statute grants an offender the right [to] this credit. The Board chose to deny you credit for time at liberty on parole in this instance. The Board's discretionary decision is not subject to appeal.

C.R. 150. Johnson, now represented by counsel, petitions this Court to review the Board's decision.

On appeal,[1] Johnson contends that the Board erred in denying his administrative appeal for two reasons. First, Johnson argues that the Board lacked the authority to recalculate his maximum sentence date. Second, Johnson argues that the Board failed to explain adequately why it chose to deny him credit for his street time. The Board counters that this Court has repeatedly reaffirmed the Board's authority to recalculate the maximum sentence date of a convicted parole violator. The Board also argues that this Court recently held that the Board does not need to explain its reasoning when denying a parolee credit for street time.

In his first contention, Johnson challenges the Board's authority to recalculate his maximum sentence date. In response, the Board cites Section 6138(a) of the Prisons and Parole Code as the source of its authority. It states, in relevant part:

---

[1] This Court's review is to determine whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

3

(a) Convicted violators.--

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the parolee *shall be reentered to serve the remainder of the term* which the parolee would have been compelled to serve had the parole not been granted *and*, except as provided under paragraph (2.1), *shall be given no credit for the time at liberty on parole*.
>
> (2.1) *The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole[.]*

61 Pa. C.S. §6138(a) (emphasis added).

In short, under Section 6138(a) the Board must recommit a convicted parole violator to serve the time remaining on his original sentence and may, in its discretion, credit the parolee for his street time. The Board then recalculates the parolee's maximum sentence date, which will depend on how much, if any, credit the Board gives the parolee for street time. Our Supreme Court has upheld the Board's authority to recalculate the maximum sentence date, holding that it "is not an encroachment upon the judicial sentencing power." *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). Accordingly, we reject Johnson's argument that the Board lacked the authority to recalculate his maximum sentence date.

4

Johnson next argues that the Board erred in deciding to forfeit his street time when it recommitted him. Johnson acknowledges that the Board has discretion under 61 Pa. C.S. §6138(a)(2.1) to award credit for street time; he contends that the Board failed to exercise that discretion by summarily denying him credit. In support, Johnson points to the Board's hearing report, which states: "BOARD ONLY – Credit time spent at liberty on parole: [ ] No [ ] Yes (Excluded offenses on pg. 8)." C.R. 130. The Board checked "No" without further explanation. *Id.* According to Johnson, the lack of any explanation means that the Board failed to exercise its discretion, which is an abuse of discretion.

This Court recently considered, and rejected, the same argument in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016), *appeal granted*, __ A.3d __ (Pa., 90 MAL 2016, filed May 23, 2016). There, the Board denied a convicted parole violator credit for his street time. The hearing report contained the following language: "BOARD ONLY – Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offenses on pg. 8)." *Id.* at 606. The Board checked the "No" box and provided no further explanation. The parolee appealed to this Court, arguing that the Board's failure to explain its decision constituted an abuse of the Board's discretion under Section 6138(a)(2.1). This Court disagreed, holding that the Board's decision not to disclose its reason for denying credit was permissible under Section 6138(a)(2.1).

Here, Johnson challenges the Board's decision for the same reason as did the parolee in *Pittman*. Applying *Pittman* to the instant case, as we must, we hold that the Board did not err by checking the "No" box without elaborating on its reasons for doing so. It is enough for the Board to check the box. This shows that

it exercised its discretion to deny Johnson credit for street time, albeit for reasons unknown.

For these reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Johnson, : 
                Petitioner : 
                           : 
            v. :   No. 2420 C.D. 2015
                           : 
Pennsylvania Board of Probation : 
and Parole, : 
                Respondent : 

# **O R D E R**

AND NOW, this 21st day of June, 2016, the order of the Pennsylvania Board of Probation and Parole dated October 23, 2015 in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge