IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chasity Williams,                          :
                    Petitioner             :
                                           :
        v.                                 : No. 739 C.D. 2017
                                           : Submitted: December 8, 2017
Pennsylvania Board of                      :
Probation and Parole,                      :
                    Respondent             :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: January 4, 2018


        Chasity Williams (Parolee), an inmate currently incarcerated at the State Correctional Institution at Muncy, petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying her request for administrative relief from the Board's order recalculating her maximum sentence following her recommitment as a convicted parole violator, with no credit for her time spent at liberty on parole. Because the parties agree that the Board abused its discretion when failing to provide a contemporaneous statement explaining the rationale for denying Parolee credit for time spent at liberty on parole, we vacate the Board's decision and remand the matter to the Board for further proceedings consistent with this decision.

In 2008, Parolee was sentenced to three years, six months and eight days to twelve years of imprisonment, with a minimum release date of February 24, 2013, and a maximum release date of January 15, 2020. On November 25, 2013, Parolee was released on parole and, per special conditions, was to report directly to Conewago Pottsville (CCC) and remain there until discharged.[1] Because Parolee failed to meet her parole agent at her registered residence, on September 15, 2014, the Board declared her delinquent. Two days later, she was arrested by the Manheim Township Police Department for new criminal charges as well as technical parole violations. The Board lodged its detainer on the same day. Bail was eventually set on October 8, 2014, but Parolee did not post bail.

Following a violation hearing, on January 14, 2015, the Board voted "preponderance NOT found" for the technical parole violations. (Certified Record (C.R.) at 86.) Notwithstanding, Parolee remained detained pending the disposition of her new criminal charges. On October 23, 2015, Parolee pled guilty to four felony counts of Acquiring or Obtaining Possession of a Controlled Substance by Misrepresentation and was sentenced to one to two years of imprisonment with credit for time served.

On November 5, 2015, the Board issued a Notice of Charges and Hearing for a revocation hearing pertaining to Parolee's new convictions, after

---

[1] The parole conditions that the Parolee signed also state, in pertinent part, "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (Certified Record (C.R.) at 44.)

which Parolee waived her right to a hearing and counsel. On January 29, 2016, the Board issued a decision revoking Parolee's parole as a convicted parole violator and sentenced her to serve 24 months backtime and recalculated her maximum expiration date as February 14, 2022. The Board did not offer any explanation for denying Parolee credit for time spent at liberty on parole.

Parolee then filed a request for administrative relief, contending that the Board erred when recalculating her maximum sentence expiration date. The Board denied that request, explaining:

> The Board paroled you from your sentence imposed to be served at a state correctional institution ("SCI") on July 3, 2012 with a max date of May 28, 2019. This left you with 2520 days remaining on your sentence (from 07/03/2012 to 05/28/2019 = 2520 days). The Board's decision to recommit you authorized the recalculation of your sentence to reflect that you received no credit for time you were at liberty on parole. 61 Pa.C.S. § 6138(a)(2). The Board did not grant you credit for time at liberty on parole in this instance. This means you still had 2520 days remaining on your sentence.
>
> On September 17, 2014, you were detained by the Board for technical parole violations. On October 8, 2014, authorities detained you for criminal charges docketed in the Court of Common Pleas of Lancaster County at OP# 5367-2014. There is no indication that you posted bail from the new criminal charges and you do not claim that you posted bail. You pled guilty to the criminal charges on October 23, 2015 and the court sentenced you to a new term of imprisonment to be served in an SCI.
>
> Based on the aforementioned facts, the Board gave you 21 days of credit for the period you were confined solely on the Board warrant from September 17, 2014 to October 8, 2014. The Board did not give you any credit

3

on your original sentence for the period you were incarcerated from October 8, 2014 to January 16, 2016 because you were confined on both the new criminal charges and the board detainer or solely on the new criminal charges during this period. As such, credit for that time must apply to your new sentence when it is calculated. *Gaito v. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Subtracting the 21 days of credit from the 2520 days you had remaining on the original sentence, left you with 2499 days to serve on your original sentence.

(C.R. at 150.) Once again, the Board did not explain the rationale for denying Parolee credit for time spent at liberty on parole.

After Parolee filed this petition for review, on April 26, 2017, our Supreme Court issued the decision, *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Significantly, in *Pittman*, our Supreme Court held that, except in certain explicitly excluded categories of crimes, Section 6138(a) of the Prisons and Parole Code (Code)[2] requires the Board to "provide a

---

[2] 61 Pa.C.S. §§ 101 – 6309. Section 6138(a) of the Code provides, in pertinent part:

**(a) Convicted violators.**—

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee

**(Footnote continued on next page…)**

4

contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." 159 A.3d at 475. As the Court explained:

> [W]e recognize that the Board has the broadest of discretion over many decisions regarding parolees and that the Board's description of the statute is accurate in so far as there is no explicit requirement that the Board must provide a contemporaneous statement explaining its decision in Subsection 6138(a)(2.1). However, Article V, Section 9 of the Pennsylvania Constitution grants all persons the right to appeal from an administrative agency to a court of record. Pa. Const. Art. 5, § 9 (". . . there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as

---

**(continued…)**

> would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) **The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(1)-(2.1) (emphasis added).

provided by law[.]"). This is consistent with inherent notions of due process. To the extent Appellant has a right to appeal, an appellate court hearing the matter must have method to assess the Board's exercise of discretion. Accordingly, we hold that the Board must articulate the basis for its decision to grant or deny a [convicted parole violator] credit for time served at liberty on parole.

*Id.* at 474.[3]

On appeal, both parties agree that the Board abused its discretion by failing to articulate the basis for denying Parolee credit for her time spent at liberty on parole.[4] Accordingly, in light of the Board's admitted failure and our Supreme Court's holding in *Pittman*, we vacate the Board's order and remand the matter to the Board for the sole purpose of articulating its reason for denying Parolee credit for her time served at liberty on parole.

_____
DAN PELLEGRINI, Senior Judge

_____

[3] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A .2d 131, 132 (Pa. Cmwlth. 1995).

[4] Parolee's counsel now submits that all other issues raised in Parolee's petition for review lack merit. (*See* Parolee's Brief at 14.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chasity Williams,                           :
                    Petitioner              :
                                            :
        v.                                  : No. 739 C.D. 2017
                                            :
Pennsylvania Board of                       :
Probation and Parole,                       :
                    Respondent              :

# **O R D E R**

AND NOW, this 4<u>th</u> day of <u>January</u>, 2018, it is hereby ordered that the order of the Pennsylvania Board of Probation and Parole (Board), dated February 13, 2017, is vacated and the matter is remanded to the Board to articulate the reasons for denying Chasity Williams credit for time at "liberty on parole." The Board shall forward its reasons for the denial to this court within forty-five (45) days of the date of this order.

_____
DAN PELLEGRINI, Senior Judge