# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdul Boyd,  :
          Petitioner  :
                      :
     v.               : No. 1791 C.D. 2017
                      : Submitted: August 31, 2018
Pennsylvania Board of Probation  :
and Parole,           :
          Respondent  :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED:  September 19, 2018


James L. Best, Esquire (Counsel) has filed this Amended Motion for Leave to Withdraw as Counsel for Abdul Boyd (Boyd) in his petition for review from a Pennsylvania Board of Probation and Parole's (Board) decision involving Boyd's recommitment as a convicted parole violator (CPV) and the recalculation of his parole violation maximum date.  Counsel requests permission to withdraw from further representation because he has determined that the appeal is frivolous.  For the following reasons, we grant Counsel's Amended Motion for Leave to Withdraw and affirm the Board's order.

## I.

Boyd was paroled by the Board on March 13, 2014, from a sentence with a maximum release date of April 13, 2018. On October 22, 2014, Boyd was arrested on new federal drug-related charges and the same day the Board issued a detainer warrant. Boyd waived his right to counsel and waived a detention hearing before the Board. On October 23, 2014, Boyd remained in federal custody for failure to make bail.

On October 15, 2015, Boyd pled guilty in the United States District Court for the Western District of Pennsylvania to a federal drug charge of conspiracy to commit possession with intent to distribute and was sentenced to serve 37 months in federal custody followed by a four-year supervised release. On June 30, 2017, the federal prison authorities released him to the Board's detainer warrant.

On July 5, 2017, the Board recommitted Boyd as a CPV to serve 24 months' backtime and forfeited Boyd's 1,134 days of street time. However, the Board gave him credit for time served between October 22, 2014, and October 15, 2015, when he was held on the state and federal detainers, but not from October 15, 2015, to June 30, 2017, when he was in federal custody serving his federal sentence. The Board recalculated his maximum release date to August 7, 2020.

Boyd, acting *pro se*, filed an administrative appeal from the Board's decision. He contended that pursuant to Section 6138(a)(5.1) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(5.1), state parole backtime following

2

recommitment as a CPV must be served prior to the new federal sentence underlying that commitment. As a result, he contends that he is entitled to 34 months' credit on his original state sentence for the period served pursuant to the Board's detainer and federal charges.

The Board denied Boyd's administrative appeal. It found that Boyd could not serve his backtime prior to the new federal sentence because federal authorities are not required to return a prisoner to state custody before he serves his federal sentence. The Board also found that there was no error in determining that Boyd had 1,492 days remaining on his sentence at the time of parole because he was not entitled to credit for his 1,134 days spent at liberty on parole since that time was forfeited as a CPV.

Boyd, acting *pro se*, then filed a petition for review in this Court raising the same substantive issues that he raised in his administrative appeal to the Board. We assigned Counsel to represent Boyd in this appeal. Counsel then sought to withdraw representation. After conducting a review of the issues, he determined the appeal is frivolous because there is no basis in law or fact for it. Along with his motion, Counsel filed a no-merit letter where he listed the issue Boyd raised, along with an explanation of why he believes this issue to be meritless. By opinion and order of July 17, 2018, we denied Counsel's request because we found that while he had complied with all other technical requirements, he had failed to provide Boyd with a notification of his right either to proceed *pro se* or with new counsel. *See Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

3

Counsel has filed an Amended Motion for Leave to Withdraw as Counsel, along with a no-merit letter and a copy of correspondence to Boyd in which he informed him of his right to proceed either *pro se* or via new counsel, therefore satisfying all technical requirements. We will now conduct an independent review to determine whether the appeal is indeed meritless. *Zerby*, 964 A.2d at 962.

## II.

The sole issue raised by Boyd on appeal[1] is whether the Board erred in not crediting Boyd for time served in federal prison on his new conviction after the Board did not require Boyd to serve his state term first. Boyd argues that according to Section 6138(a)(5.1) of the Code, his state sentence should have been served prior to the new federal term of incarceration and that as a result, he is entitled to the 34 months' credit on his original state sentence for the period he served pursuant to the Board's detainer and federal charges. Section 6138(a)(5.1) provides:

> If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

---

[1] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

4

61 Pa.C.S. § 6138(a)(5.1). However, the Board was correct that Boyd could not serve his original sentence first because this is conditional upon federal authorities returning a prisoner to state custody. In *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759 (Pa. 2017), our Supreme Court held that credit for time on a parolee's original state sentence was not to be given while the parolee was held on new federal charges even though the Board's detainer had been lodged against him. In this case, Boyd was simply not available to serve his backtime because he was serving his federal sentence.

Boyd also contends that the Board had the authority to acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit the parolee to serve his backtime before he could serve his new sentence. Boyd cites *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), where we held that the Board has a duty to obtain custody of a parolee when the parolee is available prior to sentencing on the new charge. *Fumea* is simply not applicable because that case involved whether a parolee was entitled to credit for time on parole, while in this case, Boyd was unavailable because he was serving a federal sentence. This case is also inapplicable because, in *Fumea*, the parolee posted bail prior to sentencing for the federal charges, making the parolee technically available to be detained by the Board. Unlike in *Fumea*, Boyd failed to post bail prior to sentencing for federal charges and was, therefore, unavailable to the Board because the Board did not have the authority to obtain him from federal custody. *See Brown v. Pennsylvania Board of Probation and Parole*, 184 A.3d 1021 (Pa. Cmwlth. 2017) (holding that the Board could not

5

return a parolee who did not post bail while in the custody of another jurisdiction in order to recommit the parolee to serve the remainder of his sentence).

Because the Board lacked the authority to return Boyd from federal custody since he did not post bail, and because the Board did not err in failing to credit time on the original sentence while Boyd was serving his federal sentence, we agree with Counsel that Boyd's claim is without merit. Accordingly, we grant Counsel leave to withdraw and affirm the Board's decision.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdul Boyd, : 
               Petitioner : 
                             : 
           v. : No. 1791 C.D. 2017
                             : 
Pennsylvania Board of Probation : 
and Parole, : 
               Respondent

# **O R D E R**

AND NOW, this 19th day of September, 2018, the Amended Motion for Leave to Withdraw as Counsel filed by James L. Best, Esquire is granted, and the decision of the Pennsylvania Board of Probation and Parole bearing a mailing date of November 6, 2017, is affirmed.

_____

DAN PELLEGRINI, Senior Judge