IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Vanchez Chesney,                 :
                        Petitioner      :
                                        :
        v.                              :    No 749 C.D. 2018
                                        :    Submitted: October 19, 2018
Pennsylvania Board of Probation and     :
Parole,                                 :
                        Respondent      :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: April 25, 2019

        Edward Vanchez Chesney (Chesney) petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his challenge to the Parole Board's decision to recommit him as a convicted parole violator to serve 48 months of backtime. Chesney argues that the Parole Board erred because it did not explain its reasons for denying him credit for time spent at liberty on parole. For the reasons that follow, we affirm the Parole Board.

        In 2005, Chesney was sentenced to a term of incarceration of 3 years and 6 months to 12 years for Drug Manufacture, Sale, Delivery or Possession with Intent to Deliver and Resisting Arrest.[1] His maximum sentence date was October 7, 2018. On August 1, 2011, Chesney was paroled.

_____

[1] Also, Chesney was sentenced to one month to one year of incarceration for False Identification to Law Enforcement Authorities, to be served concurrent with his other sentence. His maximum date of sentence was October 7, 2007.

On June 17, 2015, Chesney was arrested for trafficking in narcotics. Certified Record at 92-93, 99 (C.R. __). Chesney was charged with the crimes of Criminal Use of Communication Facility (5 counts), Possession with Intent to Deliver a Controlled Substance (10 counts), Corrupt Organizations, Conspiracy to Commit Corrupt Organizations, Dealing in Proceeds of Unlawful Activities, and Persons not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms. Chesney did not post bail and he remained incarcerated on the new criminal charges.

Also on June 17, 2015, the Parole Board lodged a warrant to commit and detain Chesney. Following a detention hearing, the Parole Board detained Chesney pending disposition of the criminal charges.

On January 25, 2017, Chesney was convicted of Criminal Use of Communication Facility (five counts) and Possession with Intent to Deliver a Controlled Substance (five counts). He was sentenced to an aggregated term of 14 to 40 years of incarceration, to be followed by 5 years of probation.

Thereafter, the Parole Board provided Chesney a Notice of Charges and Hearing to revoke his parole as a result of his new criminal convictions. On February 28, 2017, Chesney waived his right to a parole revocation hearing and admitted the criminal violations.

On September 7, 2017, the Parole Board recommitted Chesney as a convicted parole violator to serve 48 months backtime. The Parole Board calculated his parole violation maximum date to be January 25, 2021.

Chesney filed an administrative remedies form, in which he appealed the Parole Board's decision to recommit him as a convicted parole violator. The Parole Board denied Chesney's appeal, stating, in pertinent part, as follows:

2

> The record in this matter establishes that the Board's decision is supported by substantial evidence, does not constitute an error of law, and does not violate your constitutional rights.

C.R. 179. Chesney petitioned for this Court's review.

On appeal,[2] Chesney argues that the Parole Board erred because it did not state a reason for denying him credit for the time he spent at liberty on parole. In support, Chesney cites the Pennsylvania Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

The Parole Board responds that Chesney waived this issue because he did not raise it in his administrative appeal to the Board. In the alternative, the Parole Board contends that it properly exercised its discretion under Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code),[3] 61 Pa. C.S. §6138(a)(2.1), to deny Chesney credit for the time he spent at liberty on parole.

By way of background, Section 6138(a)(1) of the Parole Code provides that

> [a] parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa. C.S. §6138(a)(1). Where the Parole Board determines to recommit a parolee as a convicted parole violator,

---

[2] On review, this Court determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[3] 61 Pa. C.S. §§101-6309.

the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Parole Code provides that "[t]he [Parole B]oard may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole," with three enumerated exceptions,[4] none of which are applicable in this case. 61 Pa. C.S. §6138(a)(2.1).

In *Pittman*, the Supreme Court held that when the Parole Board exercises its discretion to grant or deny a convicted parole violator credit for time spent at liberty on parole, also referred to as "street time," it "must articulate the basis for its decision." *Pittman*, 159 A.3d at 474. The Supreme Court noted that "the reason the [Parole] Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

We first address the Parole Board's argument that Chesney waived the issue of the Board's failure to state its reasons for denying him credit for street time. Under Section 703(a) of the Administrative Agency Law,[5] a party "may not raise

---

[4] Section 6138(a)(2.1) of the Parole Code provides:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders);
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

[5] 2 Pa. C.S. §§501-508, 701-704.

upon appeal any other question not raised before the agency[.]" 2 Pa. C.S. §703(a).[6] Accordingly, issues not raised before the Parole Board in an administrative appeal "are waived for purposes of appellate review by this Court." *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

Here, on the administrative remedies form, Chesney checked multiple boxes identifying the reasons for his appeal to the Parole Board. He completed the form as follows:

> *Administrative Appeal (an appeal of a revocation decision):*
> Check the Reason(s) for Appeal and *Explain:*
> 1. ☒ Insufficient Evidence
> 2. ☒ Error of Law (Timeliness, jurisdiction, hearsay, etc.)
> 3. ☒ Violation of Constitutional Law (Due process, double jeopardy, etc.)
> 4. ☒ Recommitment Challenge (Time/term given by Board, automatic reparole, return to custody, etc.)
> 5. ☒ Other
> Explanation:  Decision made was based from information in which petitioner was wrongly accused and convicted./Timeliness and lack of jurisdiction of Board/Violation of Constitutional Law of Due process and double jeopardy./and other.
>
> *Petition for Administrative Review (appeal of a revocation decision regarding sentence calculations):*
> Check the Reason(s) for Relief and *Explain:*
> ☐ Sentence Credit Challenge     ☐ Reparole Eligibility Date
> ☐ Order of Service of Sentences     ☐ Other
> Explanation: _____
> _____

---

[6] Section 703(a) states:

> A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa. C.S. §703(a).

C.R. 177. Chesney challenged the legal basis for his parole revocation, but he did not challenge his sentence recalculation, let alone the Parole Board's failure to state its reasons for denying him credit for his street time.

We conclude that Chesney did not adequately preserve the issue of the Parole Board's failure to state its reasons for denying him credit for his street time. Chesney did not even check the box on the appeal form for "Sentence Credit Challenge." Instead, he checked the box next to "Violation of Constitutional Law" and wrote "Violation of Constitutional Law of Due Process," which has nothing to do with sentence credit. Accordingly, the issue has been waived.

Because no issues have been preserved for appeal, we must affirm the order of the Parole Board.[7]

_____
MARY HANNAH LEAVITT, President Judge

_____

[7] Notwithstanding Chesney's failure to preserve this issue, the record reveals that the Parole Board exercised its discretion to deny Chesney credit for time spent at liberty on parole. C.R. 109. On the Hearing Report form, the Parole Board marked "no" for "credit time spent at liberty on parole" and stated that its reasons for this decision were "multiple counts of felony convictions, poor supervision history over two [inmate numbers], and extensive history of drug involvement." C.R. 109, 114. The Parole Board, however, erroneously omitted these reasons from the Notice of Board Decision recorded on September 7, 2017. *See* C.R. 167-68.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Vanchez Chesney,         :
         Petitioner          :
                                 :
         v.               :    No 749 C.D. 2018
                                 :

Pennsylvania Board of Probation and  :
Parole,                        :
         Respondent       :

# **O R D E R**

AND NOW, this 25th day of April, 2019, the order of the Pennsylvania Board of Probation and Parole dated March 19, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge