IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barry Joseph Moyer,      :
      Petitioner   :
            :
    v.        :  No. 1249 C.D. 2024
            :  Submitted: October 7, 2025
Pennsylvania Parole Board,   :
      Respondent :


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE STACY WALLACE, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER   FILED: April 7, 2026

 Barry Joseph Moyer (Petitioner) seeks review of an August 21, 2024 Order of the Pennsylvania Parole Board (Board), which affirmed the Board's action mailed February 29, 2024, recommitting Petitioner as a convicted parole violator (CPV) to serve 12 months and denying Petitioner any credit for time spent at liberty on parole due to the sexual nature of the new offense. Petitioner challenges the determination that his new conviction for corruption of minors was sexual in nature. Upon review, we affirm.

 Petitioner was serving a sentence of 6 to 15 years in prison for robbery of a motor vehicle and a concurrent sentence of 11 months, 15 days to 23 months for criminal conspiracy and access device fraud. (Certified Record (C.R.) at 1-3.) At the time, Petitioner's maximum date was February 12, 2029. (*Id.* at 1.) On October 30, 2020, the Board approved parole for Petitioner, and Petitioner was released on

November 24, 2020. (*Id.* at 6-10.) The Board issued a Warrant to Commit and Detain on September 5, 2023, based on new charges. (*Id.* at 17.) Specifically, Petitioner was arrested by Bensalem Township Police for corruption of minors, indecent exposure, and open lewdness for an incident that occurred on July 22, 2023. (*Id.* at 23.) That same day, monetary bail was set at $400,000, which Petitioner did not post. (*Id.* at 43.) On January 31, 2024, Petitioner pleaded guilty to corruption of minors under Section 6301(a)(1)(i) of the Crimes Code, 18 Pa.C.S. § 6301(a)(1)(i), and was sentenced to five years of probation with sex offender supervision. (C.R. at 27-29, 44.)

The Board issued a Notice of Charges, and Petitioner waived a hearing and admitted to the new conviction on February 7, 2024. (*Id.* at 19-22.) In an action recorded February 26, 2024, and mailed February 29, 2024, the Board recommitted Petitioner as a CPV for 12 months on the new charges and denied Petitioner credit for street time, stating the "new offense [] was sexual in nature" and "warrant[ed] denial of credit for time at liberty on parole." (*Id.* at 52-53.) The Board recalculated Petitioner's maximum date as November 24, 2031. (*Id.* at 50, 53.) Petitioner filed a pro se administrative appeal and submitted other correspondence to the Board. (*Id.* at 54-69.) In its August 21, 2024 Order, the Board affirmed its earlier determination. (*Id.* at 70-73.) Petitioner now seeks review of that Order.

Before this Court,[1] Petitioner argues the Board erred as a matter of law and abused its discretion by denying him credit for time at liberty on parole as a CPV based on an erroneous reason that his new conviction was sexual in nature.

---

[1] We review Board orders to determine "whether the decision was supported by substantial evidence, whether an error of law occurred[,] or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017) (citation omitted).

2

Petitioner argues Section 6138 of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(2.1), permits the Board to grant or deny credit unless the new conviction falls within enumerated exclusions in subsection (2.1)(i) or (ii). Here, Petitioner contends his conviction was under Section 6301(a)(1)(i) of the Crimes Code, which is not an enumerated offense, unlike Section 6301(a)(1)(ii), which is.[2] Petitioner argues that because the conviction was under Section 6301(a)(1)(i), the Board's "sexual in nature" rationale was inaccurate and not supported by the record, and thus the Board's Order did not articulate an accurate, offense-related, record-supported reason for denying him street time as required by *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Accordingly, Petitioner requests the Board's Order be reversed and the matter remanded for the Board to award Petitioner credit for the 1,019 days of street time from November 20, 2020, to September 5, 2023.

The Board argues it did not abuse its discretion in denying Petitioner credit for time at liberty on parole because his new conviction was sexual in nature, satisfying *Pittman*'s contemporaneous-reason requirement and being supported by the record. The Board acknowledges it is not an enumerated offense or one that requires registration as a sex offender, but according to the Board, the record shows Petitioner was on parole when he was arrested for offenses arising from exposing

---

[2] A person commits corruption of minors if "any act corrupts or tends to corrupt the morals of any minor . . . or [ ] aids, abets, entices or encourages any such minor in the commission of any crime, or [ ] knowingly assists or encourages such minor in violating his or her parole or any order of court . . . ." 18 Pa.C.S. § 6301(a)(1)(i). A person also commits corruption of minors if "any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor . . . or [ ] aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31." 18 Pa.C.S. § 6301(a)(1)(ii). The latter requires registration as a sexual offender. *See* 42 Pa.C.S. §§ 9799.14(b)(8). Petitioner was convicted of the former and thus not subjection to registration.

his genitals to a minor, later pleading guilty to corruption of minors and being sentenced to five years of probation with sex offender supervision. Thus, the record shows, in the Board's view, that the new offense was sexual in nature, and it was within its discretion to deny street time. The Board requests affirmance of its Order. Alternatively, if the Court deems the Board's stated reason is insufficient, the Board argues the proper remedy under the law is to remand for it to articulate adequate reasons, not automatic credit.

Pursuant to Section 6138(a)(2.1) of the Parole Code, the Board has discretion to award a CPV credit for time spent at liberty on parole, unless:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).
>
> (ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2.1). Pursuant to *Pittman*, when the Board is exercising its discretion to grant or deny a CPV credit for time spent at liberty on parole, it "must provide a contemporaneous statement explaining its reason." 159 A.3d at 475.

The Board concedes Petitioner was not convicted of an offense that requires sex offender registration. Therefore, it had discretion to grant credit but opted not to on the basis Petitioner's new offense was sexual in nature. Petitioner disputes this, explaining because Section 6301(a)(1)(i) is not being enumerated as an offense that would trigger sexual offender registration and there is no indication in the record it was sexual in nature, the Board's decision must be reversed. We disagree. While true that the Criminal Information merely mirrors the statutory language and makes no reference to the sexual nature of the offense, (C.R. at 28), the trial court, in sentencing Petitioner, ordered that Petitioner's period of probation be subject to sex

4

offender supervision, (*id.* at 27.) This is substantial evidence to support the Board's finding that the corruption of minors charge was sexual in nature and we cannot say the Board abused its discretion in denying Petitioner credit on this basis.[3] The imposition of sex offender supervision in the sentencing order distinguishes this matter from *Cranshaw v. Pennsylvania Board of Probation and Parole*, 698 A.2d 684 (Pa. Cmwlth. 1997), where we held the record was devoid of any evidence of the sexual nature of the corruption of minors charge.

Because the Board articulated a reason for denying Petitioner credit for street time, which is supported by the record, we affirm.

_____
RENÉE COHN JUBELIRER, President Judge

---

[3] The Board has broad discretion related to credit for street time. Although Section 6138(a)(2.1) articulates an exception to the Board's discretion, it does not preclude the Board from denying credit when a matter is of a sexual nature because the Board has broad discretion to deny credit for street time. It is notable that in the Hearing Examiner Recommendation section of the Revocation Hearing Report, there are separate boxes for whether "[t]he offender committed a new offense that is sexual in nature thereby warranting denial of credit for time at liberty on parole," and whether "[t]he offender has committed an enumerated offense that is listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders) that prohibits awarding credit for time at liberty on parole." (C.R. at 34.) Here, the hearing examiner checked the former. (*Id.*)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barry Joseph Moyer,                    :
                    Petitioner         :
                                       :
        v.                             :    No. 1249 C.D. 2024
                                       :
Pennsylvania Parole Board,             :
                    Respondent         :

## **O R D E R**

**NOW**, April 7, 2026, the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge